(No. 2043—

GEORGE C. GOFORTH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1935.*

GEORGE C. GOFORTH, pro se.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This claim was filed in this court on January 7, 1933, and alleges that the claimant, George C. Goforth, on November 1, 1930, and for sometime prior thereto was Director of Music at the Illinois State Reformatory at Pontiac, and at the time that George C. Goforth entered into the performance of his duties, June 1, 1930, there was a shortage of musical instruments at the reformatory. George C. Goforth discussed this matter with the superintendent, and was advised that the instruments could not then be purchased, and the claimant volunteered to bring some of his own instruments into the institution and use them until such time as the reformatory could make a purchase of the needed instruments. The declaration sets forth that he brought two gold B Flat Soprano Saxophones with cases, one E Flat Baritone Saxophone and case, and one Cundy-Bettony B Flat Metal Clarinet with case into the institution, and that on November 1, 1930, about 10:45 A. M. at the Illinois State Reformatory, Pontiac, a fire destroyed a two story building which housed a carpenter shop on the main floor and the Department of Music on the upper floor, and these musical instruments. Claimant also avers that he lost a suit of custom-made clothes at $85.00 and shirts and accessories at $36.00, making a total of $121.00. The musical instruments were valued at $908.00. Claimant avers that he is making no claim for the clothing, and states that the musical instruments had been used for approximately two years, and had depreciated in value 20 per cent, and requests that this court enter a judgment for the value of the musical instruments.

A motion to strike has been filed by the Attorney General, and must be allowed for the following reasons: No charge of negligence is contained in the declaration, and if the State were a private individual there would be no liability because there could not be liability for any loss not occasioned by negligence, either by the individual or servants. It is not charged that the State did not take ordinary care of the musical instruments, that means that degree of care that an ordinary person would under like circumstances care for his own property. No negligence is averred; the cause of the fire is not averred, and the declaration is not predicated upon any legal grounds. The motion to dismiss therefore will be sus-

tained, and under the rules of this court, the claimant will have thirty days from the date of the filing of this opinion to file an amended declaration, and in the event he so fails to do, the case will be automatically dismissed.